IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:24-CR-00138-JCB-KNM |
| vs. | § § § | |
| | § | |
| ELLIS STONE (1) | § | |

REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE

On September 30, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class A felony, Defendant Ellis Stone was sentenced on December 11, 2014, by United States District Judge P.K. Holmes, III, Western District of Arkansas. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 120 months. The Court sentenced Defendant to imprisonment for a term of 120 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment, testing and a search condition. Defendant completed his term of imprisonment and started his term of supervised release on September 21, 2023. On October 29, 2024, the case was transferred and re-assigned to United States District Judge J. Campbell Barker.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on November 7, 2024, United States Probation Officer Ellie Valdelamar alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on October 15, 2024 by the Lufkin Police Department for allegedly committing the offense of Unlawful Possession of a Firearm by a Felon, a Third-Degree Felony, and Possession of Marijuana Less Than 2 ounces, a Class B misdemeanor.

2. **Allegation 2 (mandatory condition): The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** It is alleged that Defendant submitted a urine specimen on September 11, 2024 that tested positive for methamphetamine, amphetamine, marijuana, and benzodiazepines (confirmed positive at lab) and signed an admission form. It is also alleged that Defendant submitted a urine specimen on October 3, 2024 that tested positive for marijuana (confirmed positive at the lab) and that on October 4, 2024, Defendant verbally admitted to using methamphetamine on September 28, 2024.

3. **Allegation 3 (mandatory condition): The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.** It is alleged that the Lufkin Police Department located ammunition in Defendant's possession on October 15, 2024, consisting of two rounds (one .380 and one 9mm) in Defendant's front left pocket, two more .380 rounds, and a black semi-auto Jimenez Arms pistol, Model J.A. NINE, 9mm serial number 115148 in his vehicle with a round chambered and six rounds in the magazine.

4. **Allegation 4 (standard condition): The defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer.** It is alleged that Defendant was scheduled for an office visit on September 9, 2024 and failed to report as instructed. It is also alleged that Defendant refused to report for an office visit as instructed on October 17, 2024.

5. **Allegation 5 (standard condition): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** It is alleged that Defendant failed to answer truthfully all inquiries by the probation officer on September 10, 2024 about his drug use. It is also alleged that Defendant failed to follow the probation officer's instructions on October 17, 2024 when instructed to remove the concealed item utilized to falsify a drug test.

6. **Allegation 6 (standard condition): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** It is alleged that Defendant failed to notify the probation officer on October 22, 2024 that he had contact with a Nacogdoches State Trooper during a traffic stop.

7. **Allegation 7 (special condition): The defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Officer.** Here, it is alleged that Defendant failed to call in to a scheduled telehealth substance abuse treatment session and failed to report to the drug testing site to undergo a random drug test on October 1, 2024. It is also alleged that Defendant refused to submit to a drug test and attempted to falsify a drug test on October 17, 2024 at the U.S. Probation Office.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Unlawful Possession of a Firearm by Felon, a Third-Degree Felony, or possessing methamphetamine or amphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months.

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana, possessing benzodiazepine, committing the offense of Possession of Marijuana < 2 oz, a Class B Misdemeanor, possessing a firearm and ammunition, testing positive for methamphetamine, amphetamine, marijuana, and benzodiazepine, failing to report for scheduled office visits, failing to answer truthfully all inquiries by the probation officer, failing to follow the probation officer's instructions, failing to report law enforcement contact, failing to attend substance abuse treatment, failing to submit to drug tests and attempting to falsify a drug test, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

*Hearing*

On September 30, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the use of marijuana as alleged in Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-148, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the use of marijuana as alleged in Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI El Reno or FCI Texarkana.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the use of marijuana as alleged in Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-148, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the use of marijuana alleged in Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-148, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI El Reno or FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-148, with no further term of supervised release.

So ORDERED and SIGNED this 30th day of September, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE